### CITY OF FORT WORTH et al. v. HARRIS et al.

No. 14601.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 14, 1944.

Rehearing Denied Feb. 11, 1944.

R. E. Rouer and Heard L. Floore, both of Fort Worth, for appellants.

Thompson, Walker, Smith & Shannon, of Fort Worth, for appellees.

McDONALD, Chief Justice.

This suit was brought by the City of Fort Worth and the Fort Worth Independent School District to recover personal property taxes for the year 1941, against forty-six promissory notes, secured by mortgages, payable to the Mary Couts Burnett Trust, a trust estate of which the defendants are the trustees. The case was tried upon a stipulation of facts, in which it is agreed that the sole issue for determination is whether the notes and mortgages are exempt from taxation. Defendants claim exemption on the ground that the notes and mortgages constitute an endowment fund of Texas Christian University, an institution of learning and religion. Trial without a jury resulted in a judgment that plaintiffs take nothing. They have appealed, asserting that the trial court erred in holding that the notes were exempt from taxation.

In 1923, Mary Couts Burnett, a widow, and four other persons who were named therein as trustees, executed a trust indenture by which Mrs. Burnett conveyed to the trustees (she being also named as one of the trustees) a vast amount of property, including city business properties, many thousand acres of land in fee, and mineral interests in much other land, cash, stocks, bonds, notes and all other property, real and personal, not otherwise mentioned, owned by her in the State of Texas. The value of the estate is not in evidence, but, from the description and amount of property conveyed, must have been great. Included are one office building in the City of Fort Worth and a half interest in another.

The indenture recites that the settlor (Mrs. Burnett) is desirous of continuing the conduct of the business of the estate, and of having the income therefrom devoted to the purposes therein set out. Among the powers conferred upon the trustees are to manage and sell, to execute deeds, leases, acquittances, etc., to vote bank stock, and to re-invest. The powers granted are very extensive and complete. The trustees are to hold and manage the estate during the life of the last surviving person whose name is signed to the indenture, and for twenty years thereafter, provision being made for the appointment of successor trustees.

The indenture provides that the trust thereby created shall bear the name of Mary Couts Burnett Trust, and that the trustees shall conduct the business of the estate under such name. The notes involved in the suit are payable to Mary Couts Burnett Trust.

It is provided that during the lifetime of Mrs. Burnett a portion of the income shall be paid to her. Although the stipulation does not mention it, we consider that we may reasonably infer from the briefs and the contentions of the parties that Mrs. Burnett died before 1941, and that the provisions of the indenture which were intended to apply after her death are applicable here.

The indenture provides that after the death of Mrs. Burnett the trustees shall pay (with a minor exception which it is agreed does not pertain to or affect the issues here involved) to Texas Christian University the net income of the estate during the life of the trust, and that the corpus of the estate shall be delivered to Texas Christian University at the termination of the trust, that is to say, twenty years after the death of the last surviving person who signed the trust indenture. It is provided that the income shall be paid for the purpose of providing chairs in all departments of the University, and for providing scholarships for worthy students.

The trustees claim that the notes and mortgages are exempt from taxation, on the ground that they constitute an endowment fund of an institution of learning and religion. The claim is based upon the provisions of Article 8, Section 2, of the Texas Constitution, Vernon's Ann.St., and Article 7150, Section 1, Vernon's Ann.Civ. St. The constitutional provision, stripped of the portions which are not applicable here, reads as follows: " * * * the

Legislature may, by general laws, exempt from taxation * * * the endowment funds of such institutions of learning and religion not used with a view to profit and when the same are invested in bonds or mortgages * * *."

It is further provided that property bought in under foreclosure of such bonds and mortgages shall be exempt for two years and no longer.

The language of Art. 7150, Section 1, is almost identical, except in the respect we shall immediately note.

Article 7150, as amended by Acts 1931, 42nd Leg., p. 211, ch. 124, § 1, contains a further provision requiring such institutions to file with the tax collector an itemized list of the property claimed to be exempt, upon pain of losing the exemption. Appellants first contend that the claim of exemption cannot prevail in the present suit because no such itemized list was filed. We overrule this contention. Article 7150, Section 1, as it appears in the Revised Civil Statutes of 1925, does not contain the provision requiring the filing of the list of property with the tax collector. Such requirement appears for the first time in an amendment of Section 1 of Article 7150, passed in 1931, and above cited. The caption of the amendatory act contains no mention of a purpose to add the provision requiring the filing of the itemized list. Such added provisions are, therefore, ineffective. Even a casual reading of the caption, and of the provisions added, will demonstrate the applicability of the rule as stated in 39 Tex.Jur. p. 103: "A title that specifies the particular field an amendment is to cover or states a purpose to make a certain change in the prior law, and that is not merely descriptive of the matters to which the law relates, limits the amendatory act to the making of the change designated and precludes any additional, contrary or different amendment."

All that is contained in the caption to the amendatory act is the following: "An Act amending Article 7150, Section 1, of the Revised Civil Statutes of 1925, of the State of Texas, by adding thereto a provision exempting a dwelling place for the ministry of any church or religious society from all taxes, and declaring an emergency."

Let us now see whether the notes and mortgages in question can be considered as an endowment fund of Texas Christian University, within the purview of the exemption statute above quoted.

It is clear from the wording of the statute and the constitutional provision supporting it that an endowment fund is exempt only if it be invested in notes and mortgages (or for two years in property bought in under foreclosure), and that the fund be not "used with a view to profit". There is nothing in the evidence to indicate that the notes in question have been segregated from the remaining properties of the estate in such manner as would constitute them an endowment fund, not used with a view to profit, as distinguished from the remaining properties of the estate. It is plain from the words of the indenture that the settlor intended and provided that the trustees should continue to carry on, for the life of the trust, the vast business enterprise which had been entrusted to them. The only evidence we have of the nature of the business being carried on is that which we may infer from the nature of the properties conveyed to the trustees and from the provisions of the indenture. The nature of those properties suggests ranching, oil, banking and other lines of business activities. In computing the net income to be paid over to Texas Christian University, the trustees would not consider only the interest paid on the notes in question, but the profits and losses of the entire estate. Under the trust indenture the trustees would have the right to dispose of the notes at any time, and convert the proceeds into any other type of investment. The inferences which can be drawn from the meager evidence before us are all one way, and are to the effect that these trustees are conducting a business, with a view to profit, and that these notes and mortgages are simply among the assets of that business. Even if it be conceded that Texas Christian University is the equitable owner of this entire estate, a point which we expressly do not decide, and that the defendants should be considered as trustees of, or for, Texas Christian University, charged with the handling of the estate, it still would follow, under the facts of this case, that the estate is unmistakably engaged in business and operated for a profit. Texas Christian University's right to the net income of this large busi-

ness enterprise is not an endowment fund that is exempt from taxation under the constitutional and statutory provisions cited.

The parties say that they have found no Texas cases construing the exemption of such endowment funds. Nor have we found any. Many cases from other jurisdictions have been cited, but they are not especially helpful in view of differences in the provisions of ·the exemption laws of the various states.

The stipulation provides that judgment shall be rendered for the amounts sued for if it be held that the notes and mortgages are not exempt from such taxes. Accordingly, the judgment of the trial court is reversed, and judgment is here rendered for appellants.

SPEER, J., not sitting.